UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE NEWBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV00339 AGF |
| | ) |
| WYETH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter, originally filed in state court, was removed to this Court by Defendant Wyeth, LLC f/k/a Wyeth, Inc. ("Wyeth"), based on alleged diversity of citizenship. In its Notice of Removal, Wyeth asserts that "none of the Defendants properly joined and served are citizens of Missouri," and that the amount in controversy is met. Although Wyeth acknowledges that three of the defendants are citizens of the State of Missouri, Wyeth contends that these three defendants were fraudulently joined and also argues that their Missouri citizenship would not defeat removal because at the time of removal they had not been properly served with the Summons and Complaint. This matter is now before the Court on Plaintiff Jesse Newby's motion to remand the action to the Circuit Court for the City of St. Louis. Because the Court finds Defendants have not met their burden to establish that the defendants who are Missouri citizens were fraudulently joined, and further finds these defendants had been properly served at the time the case

was removed, Plaintiff's motion to remand will be granted[1].

## BACKGROUND

On February 24, 2010, Plaintiff Newby and 17 other plaintiffs jointly filed a products liability action against numerous defendants in the Circuit Court of the City of St. Louis, Missouri, *Brown, et al. v. Walgreens Company, et al.*, Case No. 1022-CC00765 ("*Brown*").  The plaintiffs claimed they developed tardive dyskinesia ("TD") and other movement disorders after using the drug Reglan or its generic equivalent.  Thereafter, numerous defendants filed motions in the state court, including motions by Wyeth and others to transfer for improper venue and to sever Plaintiff's claims under Mo. R. Civ. P. 52.05.

The Circuit Court granted the motion to sever on November 15, 2010, finding that the *Brown* plaintiffs were improperly joined under Missouri law (the "Circuit Court Order").  (Doc. No. 1-7.)  The Circuit Court found that while the plaintiffs' claims involved common questions of law and fact, they alleged different occurrences against different defendants.  The court noted, however, that it had discretion to consolidate the cases, and suggested that if not consolidated, that the parties "devise a pretrial order to govern all of the Plaintiffs' claims, so that the parties coordinate discovery in an efficient harmonious manner," noting that the order did not "forfend the entry of an order of consolidation for discovery purposes at a later date."  *Id.*

---

[1] Because the Court finds a hearing to be unnecessary, the Court shall also deny Defendants' motion for a hearing on the motion remand.  (Doc. No. 70).

The Circuit Court also ordered that "the Clerk shall create sub-files in accordance with this Order for each severed claim; each Plaintiff in each newly severed case is granted leave to file an amended petition within 90 days of the date hereof. . . ." Several weeks later, on December 3, 2010, the Circuit Court clarified its prior order, directing: "Pursuant to the Court's prior order, the clerk shall prepare individual files, using new cause numbers; no filing fee required." (Doc. 1-8.) As Plaintiff Newby correctly notes, the Circuit Court did not order the severed plaintiffs to pay additional filing fees or direct the plaintiffs to serve the defendants with a summons or other form of formal process.

Plaintiff Newby thereafter filed his Amended Petition in state court against 15 Defendants, including Wyeth, on February 10, 2011. Plaintiff alleges, and Defendants herein do not dispute, that he served Defendants by electronic and first class mail within a week thereafter. Wyeth removed the case to this Court on February 23, 2011. As stated above, Wyeth claimed that removal was proper based on diversity of citizenship, as Plaintiff is a citizen of Kentucky and all Defendants are citizens of states other than Kentucky. Wyeth asserted that the forum defendant rule found in 28 U.S.C. § 1441(b) does not defeat removal, even though Defendants Cerner Corporation and Cerner Multum, Inc. (collectively, "Cerner") and Express Scripts, Inc., are citizens of the state of Missouri. Wyeth claimed these three Defendants were fraudulently joined, and that their citizenship may be disregarded, in any event, as they were not properly served at the time of removal.

Plaintiff filed a motion to remand. (Doc. No. 50). Defendants Wyeth, Wyeth

Pharmaceuticals Inc., Schwarz Pharma, Inc. and Alaven Pharmaceutical LLC opposed the motion to remand (Doc. No. 69) and requested a hearing on the motion (Doc. No. 70), and various other Defendants thereafter joined in that opposition.

This case is one of nine cases filed by the various *Brown* plaintiffs pursuant to the Circuit Court Order that were removed to this district.[2] The judges in those cases have ordered the cases remanded to state court, and this Court likewise remands based on the same reasoning.

## DISCUSSION

**Fraudulent Joinder**

"Whether a plaintiff has fraudulently joined a party to defeat diversity jurisdiction is a question of subject matter jurisdiction," *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). When, as here, the basis for removing a case is diversity jurisdiction and the face of the complaint lacks complete diversity, in that the plaintiff has joined a non-diverse party or a resident of the forum state as a defendant, the removing party may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. *Filla v. Norfolk So. Ry. Co.*, 336 F.3d 806, 808 (8th Cir. 2003). In reviewing a motion to remand, the Court must resolve all doubts about federal jurisdiction in favor of remand.

---

[2] The other cases are *Neeley, et al. v. Wyeth, Inc., et al.*, 4:11CV325 RWS; *Nicely v. Wyeth, Inc., et al.*, 4:11CV338 CDP; *Farmer, et al. v. Wyeth, Inc., et al.*, No. 4:11CV348 CDP; *Ferguson v. Wyeth, Inc., et al.*, 4:11CV360 SNLJ; *Franzman v. Wyeth, Inc., et al.*, 4:11CV362 CAS; *Harp v. Wyeth, Inc., et al.*, 4:11CV363 AGF; *Lawson v. Wyeth, Inc., et al.*, 4:11CV364 RWS; and *Lyonsv. Wyeth, Inc., et al.*, 4:11CV365 CDP.

*In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). As the removing party, Defendant bears the burden of proving fraudulent joinder. *See Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005).

In *Filla*, the Eighth Circuit summarized the standard for fraudulent joinder, as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. However, if there is a "colorable" cause of action -- that is, if the state law might impose liability on the resident defendant under the facts alleged -- then there is no fraudulent joinder. . . . [J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Id*. at 810 (internal citations and quotations omitted).

Furthermore, the Eighth Circuit has instructed that "[i]n making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor" and "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id*. at 811 (citation omitted).

In his Amended Petition, Plaintiff asserts that Defendant Cerner authors Patient Education Monographs ("PEM") intended to be provided by pharmacies to customers

5

filling prescriptions, and that it also develops and maintains drug information databases intended for use by healthcare professionals, including physicians, pharmacists, nurses, healthcare organizations and consumers.  Plaintiff alleges that Express Scripts also authors PEMs, and that Express Scripts distributed Reglan to Plaintiff and counseled Plaintiff, and that Plaintiff relied on that information.  He further asserts that in the mid-1980's Reglan was approved to treat certain disorders for periods not to exceed four to twelve weeks; during the relevant time period Cerner and Express Scripts knew physicians were routinely prescribing Reglan for longer than twelve weeks; and for decades, experts in movement disorders had known that Reglan caused movement disorders, including TD, especially with long-term use.  Plaintiff alleges that Cerner and Express Scripts were aware, or should have been aware, that the rate of TD among patients treated with Reglan was as high as 1 in 4, but that Defendants, including Cerner and Express Scripts, did nothing to warn Plaintiff and other consumers, prescribing physicians, or the medical community of the risk of developing TD with long term use of Reglan.  Plaintiff asserts that he suffered and continues to suffer permanent injuries as a result of Defendants' actions, and that Cerner and Express Scripts are liable for negligence and for violation of the Missouri Merchandising Practices Act ("MMPA"), Rev. Stat. Mo. § 407.010.

       The parties agree that either Missouri or Kentucky law controls, but assert no material difference between the two.  As such, the Court need not resolve the conflict of law question.

Defendants argue that Plaintiff's claims against Cerner are not colorable because Cerner owed them no duty of care. But Plaintiff has raised several grounds that may support a duty of care, and Defendants have not cited to any Missouri or Kentucky law that declares no duty of due care on the part of PEM publishers. The Court further notes that Chief Judge Catherine Perry, in her Memorandum and Order in *Nicely*, refused to find fraudulent joinder as to a different PEM publisher on this basis. Indeed, Judge Stephen Limbaugh, Jr., in his Memorandum and Order in *Ferguson*, addressed these same claims against Cerner by the plaintiff in that case, and held that "[n]one of Wyeth's cases unequivocally indicate that 'it is *clear* under governing state law' that plaintiff's complaint states no cause of action against Cerner whatsoever." (citing another source).

This Court adopts the reasoning of Judges Perry and Limbaugh, and for the same reasons finds that Defendants have not met their burden to establish fraudulent joinder with respect to Cerner. As the presence of colorable claims against Cerner will defeat removal jurisdiction, it is unnecessary for this Court to address the claim of fraudulent joinder with respect to Express Scripts.

**Proper Service**

Wyeth and the other Defendants opposing remand also contend that the citizenship of Cerner and Express Scripts can be disregarded, because the propriety of removal is determined at the time the removal petition is filed, without regard to defendants who have not been served, and Cerner and Express Scripts had not been properly served at the time Wyeth removed the case. Defendants' argument is dependent upon their contention

that the Circuit Court Order required new, formal service of process. The Court finds no merit in this assertion.

Again, the very arguments Defendants assert here were raised and rejected by Chief Judge Perry and Judge Limbaugh in *Nicely* and *Ferguson*. As noted in those opinions, the Circuit Court Order did not dismiss the *Brown* case; the judge merely severed the *Brown* plaintiffs for misjoinder. Further, the Circuit Court Order permitted the plaintiffs to file amended petitions without paying filing fees. The Circuit Judge also indicated his intention to maintain jurisdiction over the cases, in directing the parties to coordinate pretrial proceedings. The Court is persuaded by the reasoning of the opinions in *Nicely* and *Ferguson*, and for the reasons more fully stated in those opinions, the Court finds that Plaintiff was not required to re-serve Cerner or Express Scripts with a summons and amended petition. *See Schindler v. Wyeth*, Case No. 4:06CV337 RWS, slip op. at 4-5 (E.D. Mo. June 29, 2010) (holding that a Missouri state court's order severing plaintiffs' cases did not operate as a dismissal of the severed cases when the order relieved plaintiffs of the obligation of paying new filing fees or obtaining service of process on the defendants).

In light of this Court's ruling, it is unnecessary to address Plaintiff's further assertion that Wyeth waived its right to remove this case by pursuing substantive relief in the state court.

## **CONCLUSION**

The Court concludes that Defendants Cerner and Express Scripts were properly

served at the time Wyeth filed its removal petition, such that their forum citizenship cannot be disregarded for purposes of assessing removal jurisdiction.  And as Defendants have failed to meet their burden of establishing fraudulent joinder with respect to Defendant Cerner, the better course of action is to remand the case for the state court to decide whether Plaintiff may proceed with his claims against Cerner and Express Scripts.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED** [Doc. #50].

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis,  Missouri.

**IT IS FURTHER ORDERED** that Defendants' motion for a hearing is **DENIED as moot**. [Doc. #70].

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without prejudice, as moot**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2011.